In re: Harold Eugene GRIFFIN,
Debtor.

REVOCABLE INTER VIVOS TRUST OF MABEL MARIE GRIFFIN & GRIFFIN FAMILY TRUST, Appellants,

v.

HAROLD EUGENE GRIFFIN; Marathon National Bank; California Investment Club, and TD Investment Fund, Appellees.

No. 99–56181.
BAP No. CC–97–1737–PJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2001.

Decided Feb. 21, 2001.

Before D.W. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM *

Revocable Inter Vivos Trust of Mabel Marie Griffin and Griffin Family Trust

* This disposition is not appropriate for publication and may not be cited to or by the courts

("the Trusts") appeal the decision of the Ninth Circuit Bankruptcy Appellate Panel denying the debtor's motion to disburse funds to the Trusts and denying the Trusts' request to file late proofs of claim. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

The Trusts argue that notice of the bar date did not comport with Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure. But Rule 7004 applies to adversary proceedings and contested matters not otherwise governed by the rules. Fed. R. Bankr.P. 7001, 9014. The notice of bar date complied with the rule governing notice to creditors, which states that notice "shall be addressed as such entity or an authorized agent may direct in a filed request; otherwise, to the address shown in the list of creditors or the schedule whichever is filed later." Fed. R. Bankr.P.2002(g). Moreover, there is no question that the Trusts received actual notice of the bar date.

The Trusts' next argue that their failure to file proofs of claim was the result of "excusable neglect" under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The determination of whether a party's neglect is "excusable" is an equitable one. *Id.* at 395, 113 S.Ct. 1489. The Trusts waited almost three years after the bar date before requesting permission to file late proofs of claim. Even then, they failed to give any explanation for their failure to comply with the deadline. There is also some question as to whether the Trusts acted in good faith. The Trusts have failed to show that the bankruptcy judge's finding that "the equi-

of this circuit except as provided by Ninth Circuit Rule 36–3.

ties are not with the Griffins" was an abuse of discretion.

AFFIRMED.